1    WO                                                                    KAB

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                         FOR THE DISTRICT OF ARIZONA

8

9    Jason Derek Krause,                      No.   CV 19-08054-PCT-MTL (ESW)

10                        Plaintiff,

11   v.                                        **ORDER**

12   Yavapai County, et al.,

13                        Defendants.

14

15        Plaintiff Jason Derek Krause, who is represented by counsel, brought this civil rights

16   action pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the*

17   *Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  (Doc. 56.)

18        In an April 3, 2020 Order, the Court dismissed Defendant Peele from this action on

19   the basis of absolute immunity.  (Doc. 83.)  Plaintiff now seeks entry of Final Judgment

20   pursuant to Rule 54(b) of the Federal Rules of Civil Procedure as to his claims against

21   Defendant Peele.  Defendant Peele opposes the Motion[1] on the ground that granting the

22

23        [1] Defendant Erfert, Hueske, Weaver, Yavapai County, Mascher, Diffendaffer,
24   McFarland, Williamson, Bellemore, Price and Dannison filed a "Joint Joinder in Defendant
     Peele's Response in Opposition to Plaintiff's Motion for Rule 54(b) Judgment," but, in the
25   content of their "Joinder," do not appear to actually join in the Response in opposition to
     the Motion.  (*See* Doc. 101.)  Rather, these Defendants appear to agree to the entering of a
26   Rule 54(b) Judgment and appear to request expansion of the relief sought.  (*See* Doc. 101
     at 2 ("Should the court be inclined to include Rule 54(b) language regarding dismissal of
27   Defendant Peele, it should also include Rule 54(b) language as to its entire ruling on the
28   Motion to Dismiss.").)  To the extent these Defendants seek to expand the relief sought by
     Plaintiff, their Motion is procedurally inappropriate for a number of reasons and they cite

1    Motion will invite piecemeal appeals and force the Court of Appeals "to hear this same

2    case twice."  (Doc. 100.)

3         Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, " [w]hen an action

4    presents more than one claim for relief . . . or when multiple parties are involved, the court

5    may direct entry of final judgment as to one or more, but fewer than all, claims or parties

6    only if the court determines there is no just reason for delay."  Fed. R. Civ. P. 54(b).  Rule

7    54(b) "was adopted 'specifically to avoid the possible injustice of delay[ing] judgment o[n]

8    a distinctly separate claim [pending] adjudication of the entire case . . . . The Rule thus

9    aimed to augment, not diminish, appeal opportunity.'"  *Jewel v. Nat'l Sec. Agency*, 810

10   F.3d 622, 628 (9th Cir. 2015) (quoting *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 410

11   (2015)) (omission in original).

12        "It is left to the sound judicial discretion of the district court to determine the

13   'appropriate time' when each final decision in a multiple claims action is ready for appeal."

14   *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) (internal citation omitted).  In

15   making this determination, it is proper for courts to consider "whether the claims under

16   review were separable from the others remaining to be adjudicated and whether the nature

17   of the claims already determined was such that no appellate court would have to decide the

18   same issues more than once even if there were subsequent appeals."  *Id.*

19        Here, there is no question that absolute immunity is a distinct issue, and even if the

20   Court of Appeals were to take other appeals in this action, it would not have to decide

21   absolute immunity more than once and would not have to delve into the facts regarding

22   absolutely immunity more than once.  Defendant Peele's arguments to the contrary are

23   unconvincing.  Accordingly, there is no just reason for delay and Plaintiff's Motion for

24   Rule 54(b) Judgment will be granted.

25   . . . .

26   . . . .

27

28   to no law supporting their position.  Accordingly, to the extent any relief is sought in this
     "Joinder," it is denied.

**IT IS ORDERED:**

(1)    The reference to the Magistrate Judge is withdrawn as to Plaintiff's Motion for Final Judgment Under Rule 54(b) (Doc. 96).

(2)    Plaintiff's Motion for Final Judgment Under Rule 54(b) (Doc. 96) is **granted**.

(3)    Because there is no just reason for delay, *see* Fed. R. Civ. P. 54(b), the Clerk of Court must **enter final partial judgment of dismissal** solely as to Defendant Peele and all claims against Defendant Peele.

Dated this 6th day of August, 2020.

Michael T. Liburdi
United States District Judge